**Marion ORR, Jr., Plaintiff–Appellant,**

v.

**R T MANAGEMENT CO.,
Defendant–Appellee.**

No. 00–1256.

United States Court of Appeals,
Sixth Circuit.

Sept. 25, 2001.

Before BATCHELDER and COLE, Circuit Judges; GWIN, District Judge.*

This pro se Michigan litigant appeals a district court judgment dismissing his complaint filed pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA), and the Employee Retirement Income Security Act of 1964, 29 U.S.C. § 1001 *et seq.* (ERISA). The case

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of

Ohio, sitting by designation.

has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Marion Orr, Jr., sued RT Management Company, a Michigan property management company, claiming that: 1) the company failed to timely pay him the proper statutory overtime hourly rate for 305 overtime hours in violation of the FLSA; 2) the company wrongfully denied him benefit coverage prior to his termination and wrongfully terminated his employment without complying with the continuation coverage notice in violation of ERISA; 3) the company violated the Michigan Minimum Wage Law of 1964, Mich. Comp. Laws § 408.381; 4) the company violated the Michigan Elliot–Larsen civil rights act, Mich. Comp. Laws § 37.2101; 5) the company violated the Michigan Handicappers' Civil Rights Act, Mich. Comp. Laws § 37.1101; 6) the company wrongfully terminated his employment in violation of state law; and 7) the company became unjustly enriched in violation of state law. The district court, on its own motion, dismissed Orr's state law claims pursuant to 28 U.S.C. § 1367; Thereafter, the district court granted summary judgment in favor of RT Management Company.

On appeal, Orr essentially reasserts the claims that he set forth in the district court. Orr also argues that the district court inappropriately granted summary judgment to RT Management Company because: 1) the court did not require the company to respond to his untimely supplementary discovery requests; and 2) the company's renewed motion for summary judgment was untimely.

On appeal, this court reviews a judgment granting summary judgment de novo. *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339 (6th Cir.1993); *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir.1993). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *LaPointe*, 8 F.3d at 378. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

Upon review, we conclude that the district court properly granted summary judgment in favor of RT Management Company for the reasons set forth in the court's order of January 20, 2000. To the extent Orr sought to assert state law claims, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction. *See Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir.1993). Orr's remaining arguments are unavailing.

Accordingly, the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.